DILL v. STATE.*

(Division A.    Jan. 16, 1928.)

[115 So. 203.    No. 26596.]

1. CRIMINAL LAW.  *In prosecution for attempt to commit offense, state must charge and prove "overt act" done toward commission of offense (Hemingway's Code 1927, section 813).*

   In prosecution for an attempt to commit an offense, under Hemingway's Code 1927, section 813 (Code 1906, section 1049), it is necessary to charge and prove some overt act done toward commission of offense; an "overt act" being one which manifests intention to commit crime.

2. CRIMINAL LAW.  *Whenever design of person to commit crime is clearly shown, slight acts done in furtherance of crime constitute "attempt" (Hemingway's Code 1927, section 813).*

   Whenever design of person to commit crime is clearly shown, slight acts done in furtherance of this design constitute an "attempt" to commit crime, under Hemingway's Code 1927, section 813 (Code 1906, section 1049).

3. CRIMINAL LAW.  *Intention to commit crime is not punishable.*

   A mere intention to commit a crime is not punishable.

4. INTOXICATING LIQUORS.  *Accused's statement to officers when arrested, indicating intention to operate still, held insufficient to warrant jury's finding that he prepared mash and assembled still in attempt to manufacture liquor (Hemingway's Code 1927, section 813).*

In prosecution for attempting to manufacture intoxicating liquor, in violation of Hemingway's Code 1927, section 813 (Code 1906, section 1049), accused's statement to officers when arrested that "he would have had a fire under still in fifteen minutes if he had not been arrested," while indicating his intention to operate still and manufacture liquor, was insufficient to warrant jury in finding that he prepared mash and assembled still in attempt to manufacture liquor, as charged in indictment.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 83, n. 86; p. 113, n. 16; p. 115, n. 31; Intoxicating Liquors, 33CJ, p. 579, n. 7; On necessity of an "overt act" tending to commission of crime, see 8 R. C. L. 279; 2 R. C. L. Supp. 588; 4 R. C. L. Supp. 544; 5 R. C. L. Supp. 463; 6 R. C. L. Supp. 498.

APPEAL from circuit court of Monroe county. Hon. C. P. LONG, Judge.

Elzie Dill was convicted of attempting to manufacture intoxicating liquor, and he appeals. Reversed and remanded.

*McFarland & Holmes*, for appellant.

The attorneys for the appellant cite: *Stapleton* v. *The State*, 130 Miss. 737; *Miller* v. *The State*, 130 Miss. 730; *Jim Clark* v. *The State*, 100 Miss. 751; *Bryant* v. *The State*, 65 Miss. 435; 3 Bishop's New Criminal Procedure, sec. 187, p. 1348; Sec. 233, p. 1374; Sec. 254, p. 1383; Sec. 287, p. 1401; Sec. 324, p. 1421; 2 Bishop's New Criminal Procedure, sec. 488, p. 403; 1 Wharton's Criminal Evidence (10 Ed.), sec. 91, p. 277 and notes; Sec. 92, p. 279; and note on pp. 281 and 282; 1 Wharton's Criminal Law (11 Ed.), sec. 213, p. 272.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

Counsel for the appellant contend that the proof does not support the allegations of the indictment. In support of this view the cases of *Miller* v. *The State*, 130

Miss. 730, 95 So. 83, and *Stapleton* v. *The State,* 130 Miss. 737, 95 So. 86, are cited. In those cases the appellants were indicted for an attempt to manufacture intoxicating liquor without alleging in the indictment the particular overt acts which constituted the attempt and on demurrer to these indictments the court held that they were well taken and should have been sustained.

The indictment in the present case alleges the particular overt acts, but counsel contend that they are not supported by proof. I contend that they are error supported by proof. I contend on the contrary that the proof does support the allegations of the indictment and is sufficient to constitute the offense, first the intent to commit an offense, and, second, an overt act towards its commission. *Miller* v. *The State, supra; Stapleton* v. *The State, supra; State* v. *Wade,* 102 Miss. 711, 59 So. 880; *Cunningham* v. *State,* 49 Miss. 685; *Stokes* v. *The State,* 92 Miss. 415, 46 So. 627. In the present case there can be no question of the appellant's intent to manufacture intoxicating liquor and the only question is whether or not an overt act has been done toward the manufacture. See, also, *Powell* v. *The State,* 128 Miss. 110.

COOK, J., delivered the opinion of the court.

The appellant, Elzie Dill, was convicted in the circuit court of Monroe county on a charge of attempting to manufacture intoxicating liquor, and was sentenced to the penitentiary for two years, and from this conviction and sentence he prosecuted this appeal.

The indictment on which the conviction of appellant is based was drawn under section 1049, Code 1906 (section 813, Hemingway's 1927 Code), which provides that every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof shall be punished as provided by the statute, and the in-

dictment charges that the appellant "did feloniously attempt to manufacture intoxicating liquor by then and there feloniously and knowingly preparing a compound called 'mash,' which said compound is essential to the manufacture of intoxicating liquor, and by feloniously assembling a still in which to distill said mash into intoxicating liquor, which said still is essential in the manu-·facture of intoxicating liquor."

The appellant was not represented by counsel in the court below, and he offered no testimony. The testimony for the state shows that certain officers located a complete still and several barrels of mash in a hollow at the foot of a large hill; that there was no one at the still at that time; and that it was not then quite ready to operate. On a later date they returned to the still and secreted themselves. Shortly thereafter a car came along a roadway which circled the top of the hill, and stopped about' two hundred yards from the still. The appellant stepped out of this car and came down a trail which led from the road to the still, and when he had reached a point about fifteen or twenty feet from the still, the officers arrested him. The officers attempted to again secrete themselves to await the arrival of another man who was left in the car. This party drove the car a little further down the road, and there got out of the car, but immediately got back in and drove away, having, presumably, discovered the presence of the officers at the still. The appellant was then asked how long it would have been before he would have had a fire under the still, and he replied: "I would have had it there in fifteen minutes." On being asked if he ever made any whisky, he stated: "Yes; I have made some whisky; and I am going to make some more as soon as I get out of this."

In a prosecution for an attempt to commit an offense, under the above-mentioned statute, it is necessary to charge and prove some overt act done toward the commission of the offense; and, in the indictment in the case at bar, the overt acts charged are that the appellant fe-

loniously and knowingly prepared ''a compound called mash,'' and ''assembled a still in which to distill said mash into intoxicating liquor.'' An overt act is one which manifests the intention to commit the crime; and, it is true that ''whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.'' *Stokes* v. *State,* 92 Miss. 415, 46 So. 627, 21 L. R. A. (N. S.) 898. In the case at bar, however, the overt acts are particularly and properly set forth in the indictment, and the question to be decided is whether or not the facts in evidence establish, or tend to establish the overt acts charged. A mere intention to commit a crime is not punishable, and although it may be, with reason, argued that the statement of appellant, that ''he would have had a fire under the still in fifteen minutes if he had not been arrested,'' indicated his intention to operate the still and manufacture liquor, yet we do not think this statement was sufficient to warrant the jury in finding that he prepared the mash and assembled the still, as charged in the indictment.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*