279 So.2d 652 (1973)
Tommy Lynn SMITH
v.
STATE of Mississippi.
No. 47363.
Supreme Court of Mississippi.
June 25, 1973.
*653 John S. Holmes, J.H. Hogue, Jr., Yazoo City, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Defendant was convicted in the Circuit Court of Madison County, Mississippi, upon an indictment charging him with attempting to make and offer a reward or gratuity to a juror, with the intent to influence the juror's verdict. The conviction was based upon the following facts.
In September 1971, defendant and a friend, John Rowland, were looking over a list of jurors who had been summoned to hear defendant's upcoming murder trial. Rowland remarked that he knew Lizzie Boyd, one of the persons listed, and that he would go and talk to her. Defendant then said, "Tell her there might be a reward in the future." Rowland's testimony was that he told defendant that he would do no such thing, but that he would merely ask Lizzie to give defendant a fair trial. Lizzie Boyd testified that Rowland did come to see her, and although she stated that he asked her to vote "not guilty," she further stated that nothing whatsoever was said about any reward or gratuity. No evidence was given tending to show that Rowland made any mention of a possible reward or gratuity to Lizzie Boyd.
Defendant assigns several errors, but we need discuss only the sufficiency of the evidence to support the conviction.
Numerous cases have announced various standards for determining when acts have gone far enough to constitute an attempt at the commission of a crime. Although the definitions of an "attempt" are hardly uniform, and the determination must be made largely on a case-by-case basis, it is generally held that mere acts of preparation do not constitute an attempt. Instead, there must be some overt act which goes beyond mere preparation or planning. Bucklew v. State, 206 So.2d 200 (Miss. 1968). The presence of an overt act is required by Mississippi's general attempt statute, Mississippi Code 1942 Annotated section 2017 (1956). It becomes necessary for us to determine whether or not defendant's statement to Rowland, "Tell her there might be a reward in the future," followed by Rowland's refusal to convey the offer and actual failure to make such effort is an overt act as required by section 2017, Mississippi Code 1942 Annotated (1956). We hold that it is not. Mere acts of preparation are not sufficient, and the vague statement defendant made to Rowland alone is insufficient to constitute the overt act required by the statute. State v. Lampe, 131 Minn. 65, 154 N.W. 737 (1915); 12 Am.Jur.2d Bribery § 10, p. 755 (1964). If Rowland had agreed to make the offer to Lizzie Boyd and had made or attempted to make the offer, the case would present a different problem.
The evidence failed to show defendant guilty of an attempt to commit bribery and the peremptory charge should have been given. Any contact with the jury by or on behalf of a litigant is reprehensible and the Court is not to be understood as implying that defendant's conduct was lawful or that he may not be guilty of another offense.
Reversed and defendant discharged.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.