Larry Van West was convicted in the Circuit Court of Forrest County, Mississippi, of the crime of attempted sexual battery. Miss. Code Ann. §§ 97-3-95 and 97-3-97 (Supp. 1982) and § 97-1-7
(1972). He was sentenced to serve a term of 20 years in the custody of the Mississippi Department of Corrections.
The evidence establishes without serious contradiction that on March 2, 1981, West inveigled his victim, a female student at the University of Southern Mississippi, into an apartment near where she lived, made a few suggestive comments, and without her consent, fondled her breasts, put his hand inside her panties, and later exposed himself. The question is not whether what West did was criminal or whether it offends sensibilities. We inquire whether what West did constitutes the specific crime of attempted sexual battery as defined in a combined reading of three statutes, Section 97-3-95, -97 and 97-1-7. We answer in the negative.
We begin with Section 97-3-95 which makes sexual battery a crime. At the time of the act in question, that statute read as follows:
 A person is guilty of sexual battery if he or she engages in sexual penetration with:
 (a) Another person without his or her consent; . . . .
 Miss. Code Ann. § 97-3-95 (Supp. 1982).
Sexual penetration is the essence of the offense of sexual battery. Section 97-3-97 defines sexual penetration as follows:
 (a) "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.
 Miss. Code Ann. § 97-3-97 (Supp. 1982).
Attempted sexual battery becomes a criminal offense by virtue of the two statutes just mentioned when read in combination with Section 97-1-7 which in pertinent part provides:
 Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, . . . be punished. . . .
Our concern is whether there is in the record evidence sufficient to support the jury's verdict that Larry Van West was *Page 1214 
guilty of attempted sexual battery. As we have said repeatedly, the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses. See, e.g., Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that on the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Jackson v. Virginia,443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560, 576 (1979);Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983).
The facts are uncontradicted. There was no penetration. Moreover, the prosecution, in effect, has conceded that there was no attempt to penetrate. West had every opportunity to penetrate if he had wished to do so. His failure was not the product of his victim's admittedly ineffective resistance or the intervention of extraneous causes. In this setting what the State proved falls short of an attempt under Section 97-1-7.
Attempt requires "design" on the part of the defendant. By design the statute contemplates "intent". Whatever West's intent may have been when he originally inveigled his victim into the apartment (leaving the door open), that intent had dissipated by the time he committed his so-called "overt acts". Whether he lost his nerve, changed his mind, or whatever, his failure to consummate the crime of sexual penetration was obviously his own decision.
If one walks into a bank with a loaded pistol in his pocket intending to rob the bank and walks up to the teller's window, but then changes his mind, he has not committed the crime of attempted bank robbery. See Smith v. State, 279 So.2d 652, 653 (Miss. 1973). By the same token, Larry Van West on the evidence in this case has not committed the crime of attempted sexual penetration.
The attempt statute requires that, before one may be convicted of attempt, he "shall fail therein, or shall be prevented from committing the same". The gravamen of this offense of attempt is that the accused have done an overt act toward sexual penetration "and be prevented from its commission". State v. Lindsey,202 Miss. 896, 899, 32 So.2d 876, 877 (1947). The State was thus required to prove that Larry Van West attempted sexual penetration but failed therein or that he was prevented from committing the same.
The proof shows neither an attempt nor a failure but a volitional stopping short.
Under our attempt statute prevention or frustration must have resulted from extraneous causes. Bucklew v. State,206 So.2d 200, 202 (Miss. 1968); c.f. Murray v. State, 403 So.2d 149, 152 (Miss. 1981). We have no such intervening extraneous cause here.McDole v. State, 229 Miss. 646, 91 So.2d 738 (1957) was an attempted rape case. The defendant's attempt to commit the crime of rape was interrupted by a third person. This is the sort of intervening extraneous cause contemplated in the Bucklew andMurray cases, as well as by the statute. We have no such interruption here.
We repeat, what Larry Van West did was neither lawful nor laudable behavior. There are other criminal statutes under which he might have been charged.[1] To be sure, the State could have requested a lesser included offense instruction, but it did not. Having placed all of its eggs in one basket, our sole inquiry is whether there was sufficient evidence to support a jury verdict of attempted sexual battery. We hold that there was not.
REVERSED AND RENDERED. *Page 1215 
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
[1] See, e.g., Miss. Code Ann. § 97-3-7(1) (Supp. 1982) (simple assault); Miss. Code Ann. § 97-29-31 (Supp. 1982) (indecent exposure).