## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CT-01123-SCT

*WHITNEY GLENN ISHEE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/1998 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/25/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/15/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Whitney Glenn Ishee was tried and convicted in the Circuit Court of Neshoba County for attempted sexual battery on a minor and was sentenced to thirty years imprisonment. This conviction and sentence were affirmed by the Court of Appeals. This Court granted Ishee's petition for writ of certiorari. We find no reversible error in the trial below. Thus, the judgments of the trial court and the Court of Appeals are affirmed.

### FACTS

¶2. The facts in this case are not in dispute. On April 17, 1998, a mother and her nine-year-old son, C.G., were at a Wal-Mart store in Philadelphia, Mississippi. While in the check-out line, the mother sent C.G. back to get a box of cereal. Once on the cereal aisle, C.G. encountered Ishee. It was there that Ishee approached C.G. and asked, in vernacular terms, to perform fellatio on C.G. The child did not understand, and thus, Ishee repeated his request while gesturing to his own genitals. C.G. refused, grabbed a box of cereal, and returned to the check-out line. Once there, he told his mother what had occurred, and the police were called in. Ishee was apprehended while still in the store. There was some testimony at trial that Ishee had told an officer that he planned to take C.G. to the store's bathroom to perform the act.

¶3. Ishee was arrested and indicted on a charge of attempted sexual battery. Following trial, the jury returned a guilty verdict, and the trial judge sentenced Ishee to serve thirty years in the custody of the Mississippi Department of Corrections. A divided Court of Appeals affirmed. *Ishee v. State*, No. 1998-KA-01123-COA (Miss. Ct. App. 2000).

<u>**ANALYSIS**</u>

¶4. Ishee raises three issues on appeal. First, he alleges that the Court of Appeals erred in upholding the trial court's overruling his demurrer to the indictment. Second, Ishee alleges error in the Court of Appeals' affirming of the trial judge's denial of his motion for a directed verdict and a judgment notwithstanding the verdict. Third, he cites reversible error in the content of the prosecution's closing statement. The first two issues raised by Ishee raise essentially the same claim, which is that the facts at trial do not establish the necessary elements to constitute attempted sexual battery. Thus, we consider these issues together. Further, we additionally consider the issue of a defect within the indictment, which concerns the fact that the statute cited in the indictment is not the appropriate statute.

## I. WHETHER AN OVERT ACT SUFFICIENT TO CONSTITUTE ATTEMPTED SEXUAL BATTERY WAS PROVEN?

¶5. Ishee contends that the indictment fails to allege that he attempted to commit sexual battery. The indictment alleges that Ishee attempted to commit sexual battery by "asking the said C.G. to engage in fellatio and pointing to his penis . . . ." He also contends that the statutory overt act must be alleged in the indictment as an essential element of the crime. This Court has stated that, "[i]n prosecution for an attempt to commit an offense,... it is necessary to charge and prove some overt act done toward commission of offense; an 'overt act' being one which manifests intention to commit crime." ***Dill v. State***, 149 Miss. 167, 170, 115 So. 203 (1928). The indictment contains no allegation of acts other than Ishee asking the boy to engage in fellatio and pointing to his penis. Ishee contends that this is not an overt act sufficient to constitute an element of the offense. We disagree.

¶6. Miss. Code Ann. § 97-3-95 (2000), defines sexual battery. It states that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with: ... (d) [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." *Id.* Miss. Code Ann. § 97-3-97 (2000), includes fellatio in its definition of sexual penetration. An attempt consists of three elements: "(1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission." ***Bucklew v. State***, 206 So. 2d 200, 202 (Miss. 1968).

¶7. It is clear from the facts below that the first and third elements of attempt are met. It is the second element that is the bone of contention between Ishee and the State. As explained by this Court in ***Bucklew***, what is required is an act which goes beyond mere preparation and which is suited for the intended purpose-here, sexual penetration. *Id*. at 202-03. As we clearly stated in ***Bucklew***, the act "may be any act in the series of acts which would ordinarily result in the commission of the crime, and need not be the last or final step in the sequence." *Id*. In a further attempt to define what constitutes an overt act, we stated:

> [A]n attempt is a direct movement toward the commission of the crime after the preparations have been made; the defendant's act must be a direct, unequivocal act toward the commission of the intended crime; that his acts must have progressed to the extent of giving him power to commit the offense and nothing but an interruption prevented the commission of the offense; that the defendant's act must reach far enough toward the accomplishment of his intention to commit the offense to amount to a commencement of the consummation or to be a step in the direct movement toward its commission; and that some appreciable fragment of the crime must be committed so that the crime would be completed if the defendant were not interrupted.

*Id*. at 202-03 (citations omitted).

¶8. It is clear that "[w]henever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design constitute an 'attempt'." *Id.* at 203 (quoting *Williams v. State*, 209 Miss. 902, 48 So. 2d 598 (1950)). Ishee was charged with attempted sexual battery. According to the statutory definition of this crime, the State had to prove that Ishee attempted to sexually penetrate C.G., but either failed to or was prevented from doing so. From the facts below, there was sufficient evidence that Ishee's intent was to take C.G. to the Wal-Mart bathroom and perform fellatio on him. Toward this goal, Ishee wandered around Wal-Mart, found a young boy alone, approached him, asked him if he could perform fellatio on him, and gestured to his own genitals to explain his request. Ishee's actions went beyond mere preparation to where he clearly began to commit the crime. The only thing that halted the commission of this crime was the boy's refusal, coupled with his leaving Ishee's presence. It would be a stretch of the imagination to accept Ishee's argument that because he did not grab C.G. or attempt to detain him that no overt act occurred.

¶9. Ishee further argues that our holding in *West v. State*, 437 So. 2d 1212 (Miss. 1983), supports a claim that he abandoned any attempt to commit the crime by allowing C.G.'s refusal to end the encounter. We stated in *West* that "[t]he gravamen of this offense of attempt is that the accused have done an overt act toward sexual penetration 'and be prevented from its commission.'" *Id.* at 1214 (quoting *State v. Lindsey*, 202 Miss. 896, 899, 32 So. 2d 876, 877 (1947)). We further stated that such prevention must result from "extraneous causes." *Id*. In *West*, the defendant's failure to penetrate "was not the product of his victim's admittedly ineffective resistance or the intervention of extraneous causes." *Id*. Here, the crime involved was perpetuated on a child. And, as a general rule, children react differently than adults. Ishee's request constituted an overt action toward the attempted sexual penetration of a willing child. His attempt was thwarted by the extraneous cause of the boy's refusal.

¶10. Based on the evidence presented at trial, a sufficient overt act occurred to justify Ishee's conviction for attempted sexual battery.

### II. WHETHER THE "SEND A MESSAGE" ARGUMENT USED BY THE PROSECUTION IN ITS CLOSING STATEMENT CONSTITUTES REVERSIBLE ERROR?

¶11. Ishee contends that the prosecutor was guilty of misconduct in his closing argument. In closing, the prosecutor, stated:

> The defense asked you to think about what kind of message you would be sending if you find - what kind of terrible message you would be sending if you find the Defendant guilty. Think about this: What if you find him not guilty? What message are you sending then? You are saying these sexual predators can go to Wal-Mart and cruise for nine year olds all day long and ask them to perform perverted sexual acts until one of them finally says yes, and then it's a crime.

And later, while continuing with his closing argument, the prosecutor said:

> The way to stop it is to tell the Glenn Ishees of the world you can't go to a public place like that and wait for a young child to be by himself and then swoop down on him and try to commit perverse sexual acts, because if you do, you are going to have to answer to that.

One way or the other, we are going to send a message with this verdict. I hope it's a message that we all can live with in Philadelphia and feel like our kids are safe to go to stores in Philadelphia.

¶12. It is true that this Court has repeatedly cautioned prosecutors against using the "send a message argument." *Evans v. State*, 725 So.2d 613, 675 (Miss.1997); *Chase v. State*, 699 So.2d 521, 537 (Miss.1997); *Hunter v. State*, 684 So.2d 625, 637 (Miss.1996); *Williams v. State*, 522 So.2d 201, 209 (Miss.1988). In fact, in *Williams* we stated:

> The jurors are representatives of the community in one sense, but they are not to vote in a representative capacity. Each juror is to apply the law to the evidence and vote accordingly. The issue which each juror must resolve is not whether or not he or she wishes to "send a message" but whether or not he or she believes that the evidence showed the defendant to be guilty of the crime charged. The jury is an arm of the State but it is not an arm of the prosecution. The State includes both the prosecution and the accused. The function of the jury is to weigh the evidence and determine the facts. When the prosecution wishes to send a message they should employ Western Union. Mississippi jurors are not messenger boys.

*Id.* at 209.

¶13. However, despite these admonitions we have specifically held that we would not adopt a per se reversible error rule on this issue. *Payton v. State*, 785 So. 2d 267, 271 (Miss. 1999). Here, again we find the argument to be improper, but it does not constitute reversible error for two reasons. First, Ishee did not object to the argument in the trial below. This Court has no original jurisdiction, and "it can only try questions that have been tried and passed upon by the court from which the appeal is taken." *Patrick v. State*, 754 So. 2d 1194, 1196 (Miss. 2000) (citing *Leverett v. State*, 197 So. 2d 889, 890 (Miss. 1967) ). Further, we do not find that the prosecutor's arguments rise to the level of impropriety that would warrant reversal as plain error.

¶14. Second, we believe that Ishee's argument is without merit. It is important when considering this type of issue that we "not only weigh the impact of the prosecutor's remark, but also take into account defense counsel's opening salvo." *Edwards v. State*, 737 So. 2d 275, 299 (Miss. 1999) (citing *Williams*, 522 So.2d at 209). In his own closing argument, Ishee's attorney stated:

> That's the same thing we have got here. We have got Instruction S-3, which says, the last sentence from the bottom, "Whether an act has been passed-has passed beyond the state of preparation and constitutes an attempt, is a question of degree," and if you say that Glenn Ishee is guilty of attempted sexual battery, you might as well be saying he should have went [sic] ahead and put one hand on the boy's mouth, grabbed him by the arm, and took [sic] him off to the bathroom, and committed whatever act he wanted to commit. He might as well have gone ahead and done it.

> And, the next fellow, the next perverted fellow that has the same thought knows what the jury says the law is, well, then, he will know he has done reached [sic] the point of no return, and he might as well commit the act....You think about what message this is going to be sending to other Defendants and other people.

¶15. Thus, Ishee made his own "send a message" argument. Considering Ishee's own argument and the fact that the prosecutor's "send a message" argument was made following it, there is a rational link between the

two. We have noted that "prosecutorial comments which under normal circumstances would constitute error do not when the statements merely reiterate statements of defense counsel." ***Booker v. State***, 511 So. 2d 1329, 1332 (Miss. 1987) (citations omitted). This is the case here. The prosecutor was merely "'right[ing] the scale' tipped by defense counsel's comments." ***Id.***; *see also* ***Gilliard v. State***, 428 So. 2d 576, 583-84 (Miss. 1983), *overruled on other grounds,* ***Willie v. State***, 585 So. 2d 660, 681 (Miss. 1991).

¶16. We find that Ishee's argument that the prosecutor's remarks were reversible error fails because it is procedurally barred, but alternatively that it is without merit.

### III. WHETHER THE MISCITATION CONTAINED IN THE INDICTMENT RISES TO THE LEVEL OF PLAIN ERROR AND REQUIRES REVERSAL?

¶17. The indictment reads, without the formal requirements, that "Whitney Glenn Ishee...did willfully, unlawfully and feloniously attempt to commit sexual battery upon C.G., a male child under the age of fourteen (14) years by asking the said C.G. to engage in fellatio and pointing to his penis, contrary to and in violation of Section 97-3-101, Miss. Code Ann. (1972)." The statute referenced in the indictment sets forth the penalty for sexual battery, but not the elements of the crime. The proper charging statute would have been Section 97-3-95. Here, Ishee filed a demurrer to the indictment, as discussed above, however, he did not discuss this error. As stated earlier, this Court will generally not consider objections not raised below. *See* ***Patrick***, 754 So. 2d at 1196. Further, in this case Ishee has not raised this issue on appeal either. However, "[t]his Court, on occasion when circumstances warranted, has noted the existence of error in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court." ***Id***. (quoting ***Grubb v. State***, 584 So. 2d 786, 789 (Miss. 1991)). Thus, we must consider if Ishee's substantial rights were affected by this error.

¶18. An indictment serves to alert the defendant of the charge against him. ***Westmoreland v. State***, 246 So. 2d 487, 489 (Miss. 1971). We have noted that there "ought not to be...insistence upon forms which are purely technical and surplusage" with indictments." ***Id***. (citations omitted). We have found that when an indictment cited the statute imposing the penalty rather than the statute containing the elements that the reference to the statute "was mere surplusage in the indictment and the appellant could not have been prejudiced by this erroneous reference." ***White v. State*** ,169 Miss. 332, 153 So. 387, 389 (1934).

¶19. This Court has held that "[i]f an indictment reasonably provides the accused with actual notice and it complies with Rule 2.05 of the Unif.Crim.R.Cir.Ct.Prac., it is sufficient to charge the defendant with the crime."***McNeal v. State***, 658 So. 2d 1345, 1350 (Miss. 1995) (citations omitted). Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice is now Rule 7.06 of the Uniform Circuit and County Court Rules. Rule 7.06 requires that the indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06 It is clear that the indictment charging Ishee fulfilled these requirements. Ishee was certainly on notice regarding what he was charged with. The indictment alerted Ishee that he was charged with attempted sexual battery, and it detailed the acts which the State intended to put on as evidence of Ishee's commission of the crime.

¶20. The defect in the indictment is not cause for reversal. It is procedurally barred, as Ishee did not object to it below, nor did he raise it on appeal to this Court. Further, it does not rise to the level of an error affecting Ishee's substantive rights.

<u>**CONCLUSION**</u>

¶21. We find no error below that warrants reversal. First, Ishee's actions toward C.G. were sufficient to constitute an overt act toward the commission of sexual battery. Second, any error in the prosecutor's closing argument was procedurally barred. Further, as it was invited by defense counsel, the allegation of misconduct is without merit. Third, any technical deficiency in the indictment does not rise to a reversible error in this case. Thus, the trial court's judgment and the Court of Appeals' judgment are affirmed.

¶22. **JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. BANKS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND MILLS, J. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS AND McRAE, P.JJ.**

**BANKS, PRESIDING JUSTICE, DISSENTING:**

¶23. Because it is my view that Ishee's actions had not risen to the level of an attempt, I respectfully dissent.

¶24. I agree with the majority that the nature of this crime is important. Consent is not an issue. Indeed, the child's failure to give consent may, under proper circumstances, be viewed as an interruption or prevention. Nevertheless, at the time of the incidents at issue here, Ishee was simply not in a position to immediately commit the crime, within reason and human experience, even if consent had been obtained. He was not in a place of seclusion or semi-seclusion but rather in an open store where any such action would be readily detected. If the facts were different; had Ishee and the child been in the store restroom or any similar place where the act could reasonably have been completed or had he sought to lead or take the child to such a place, the majority would be on firmer ground. However, that is not the case. Ishee had neither the means nor opportunity to commit the act, and, as such, no attempt can lie.

¶25. Ishee's conduct, although certainly dispositive of his intent, was nothing more than a solicitation. It is generally recognized by legal authorities in other jurisdictions that solicitation of another to commit a crime is only preparatory to the crime and not an overt act that would support a conviction for attempt of the crime solicited. *See, e.g., **People v. La Fontaine,*** 144 Cal. Rptr. 729 (Cal. Ct. App. 1978); ***State v. Baxley,*** 633 So.2d 142 (La. 1994); ***State v. Harney,*** 14 S.W. 657 (Mo. 1890); ***State v. Pierpoint,*** 147 P. 214 (Nev. 1915); ***Gervin v. State,*** 371 S.W.2d 449 (Tenn. 1963). ¶26. A minority of jurisdictions and the Model Penal Code hold that the opposite is true; that soliciting certain acts is more than mere preparation and, if strongly corroborative of the actor's criminal purpose, sufficient to establish the substantial step requirement to support a conviction for criminal attempt. *See, e.g., **State v. Fristoe,*** 658 P.2d 825 (Ariz. Ct. App. 1982); ***Wittschen v. State,*** 383 S.E.2d 885 (Ga. 1989); ***Young v. Commonwealth,*** 968 S.W.2d 670 (Ky. 1998); Model Penal Code § 5.01(2)(g), 10 U.L.A, 499-500 (1974).

¶27. Conceding that the law on this point is elusive and nebulous, I find useful the test adopted by the Indiana Supreme Court in ***Ward v. State,*** 528 N.E.2d 52 (Ind. 1988). In ***Ward,*** the defendant approached a minor child on a public street and asked if he would like for the defendant to perform fellatio on him. ***Id.*** at 53. The defendant made three such requests, at which point the child refused. ***Id***. The child then notified the sheriff, and the defendant was arrested and charged with attempted child molestation. ***Id.*** The defendant argued that his actions were merely a solicitation and cited authorities in support of the position that a

solicitation could never be the substantial step constituting an overt act required in criminal attempt. ***Id***. The Indiana Supreme Court rejected the defendant's argument, setting forth a two-part test to determine whether the defendant's actions did indeed constitute an overt act. ***Id.*** at 54.

¶28. In the first prong of the test, the court held that a solicitation may be a substantial step only when: 1) the solicitation takes the form of urging; 2) the solicitation urges the commission of the crime at some immediate time and not in the future; and 3) the cooperation or submission of the person being solicited is an essential feature of the substantive crime. ***Id.*** In the second prong the court assessed the specific crime charged and the wrongful human nature that the legislature sought to sanction. ***Id.*** It reasoned that the more serious the crime attempted or greater the menace to the social security from similar efforts on the part of the defendant or others, the further back in the series of acts leading up to the consummated crime should the criminal law reach in holding the defendant guilty for attempt. ***Id.***

¶29. Applying the same test to the circumstances here, the second prong of the test is clearly satisfied in that sexual battery of a child is serious enough to warrant drawing a fairly early line to identify and sanction such behavior as an attempt. It is the first prong, which itself involves three parts, which is problematic. Here, once Ishee's request was refused, nothing further occurred. There is, then, no evidence of the "urging" prong of the test. Additionally, there is the question of immediacy. There is nothing to suggest that Ishee intended to perform the act solicited there in the aisle of a store with customers milling about, not to mention the possibility of electronic surveillance. Nor is the third portion of the first prong met. Cooperation or submission of a minor under fourteen years of age, is irrelevant to the crime charged. *See* Miss. Code Ann. § 97-3-95 (2000).

¶30. As reprehensible as Ishee's conduct was, it did not constitute an overt act in furtherance of his intent. As guardians of the law, we must adhere to those principles that we are sworn to uphold and protect, no matter how unpleasant or disconcerting. Accordingly, I dissent.

**McRAE, P.J., AND MILLS, J., JOIN THIS OPINION.**

**MILLS, JUSTICE, DISSENTING:**

### I.

¶31. Disagreeing with the majority's disposition and its holding in issues one and three, I respectfully dissent. With regard to issue one, the majority finds that "Ishee's actions went beyond mere preparation to where he **clearly began to commit the crime**." I disagree and would hold that Ishee's actions did not **clearly** begin to commit the crime of sexual battery. Perhaps another crime was begun, but not sexual battery. The indictment fails to allege that Ishee physically attempted to accomplish the crime of sexual battery. The indictment charges that Ishee "did willfully, unlawfully and feloniously attempt to commit sexual battery upon C.G., a male child under the age of fourteen (14) years, by asking the said C.G. to engage in fellatio and pointing to his penis, contrary to and in violation of Section 97-3-101, Miss. Code Ann. (1972)." The statutory overt act must be alleged in the indictment as an essential element of the crime. In ***Dill v. State***, 149 Miss. 167, 170, 115 So. 203 (1928), this Court instructed that, "[i]n a prosecution for an attempt to commit an offense, under [the attempt] statute, **it is necessary to charge** and prove some overt act done toward the commission of the offense. . . ." (emphasis added). The indictment contains no allegation of acts other than Ishee's asking C.G. to engage in fellatio and pointing to his penis. Ishee contends, and I

reluctantly agree, that the pointing is of no moment and the request to engage in fellatio is, at most, preparation for the crime, not an overt act sufficient to constitute an element of the crime.

¶32. As aptly stated by the majority, an attempt to commit a crime consists of three elements: "(1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission." *Edwards v. State,* 500 So. 2d 967, 969 (Miss. 1986). I agree with the majority that elements (1) and (3) are met in this case. However, the acts alleged in the indictment, "asking to engage in fellatio" and "pointing at the penis," simply are not overt acts within the meaning of the attempt statute quoted above. Thus I would hold that Ishee's demurrer to the indictment should have been sustained.

¶33. This Court has stated:

> [A]n attempt is a direct movement toward the commission of the crime after the preparations have been made; that the defendant's act must be a direct, unequivocal act toward the commission of the intended crime; *that his acts must have progressed to the extent of giving him power to commit the offense and nothing but an interruption prevented the commission of the offense;* that the defendant's act must reach far enough toward the accomplishment of his intention to commit the offense to amount to a commencement of the consummation or to be a step in the direct movement toward its commission; and *that some appreciable fragment of the crime must be committed so that the crime would be completed if the defendant were not interrupted.*

*Bucklew v. State*, 206 So. 2d 200, 203 (Miss. 1968) (quoting 1Wharton, *Criminal Law & Procedure* 74 (1957) (emphasis added)). Ishee was charged with attempt to commit sexual battery. The offense of sexual battery requires sexual penetration. Miss. Code Ann. § 97-3-95 (2000). "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body. Miss. Code Ann. § 97-3-97(a) (2000). Thus the State was required to prove that Ishee attempted to sexually penetrate C.G. within the meaning of § 97-3-97, but that he failed therein or was prevented from committing the same by some extraneous act. *See West v. State*, 437 So. 2d 1212 (Miss. 1983).

¶34. The central issue in *West*, was whether there was sufficient evidence in the record to support the jury's verdict that Larry Van West was guilty of attempted sexual battery. The facts were uncontradicted that no penetration occurred, and the prosecution, in effect, conceded that there was no attempt to penetrate. **Id.** This Court found that West had the opportunity to penetrate if he had wished to do so, and the case was reversed and rendered.

¶35. The ultimate issue in the present case is whether asking another for permission to engage in fellatio and pointing to the penis to clearly communicate the message amounts to an attempt to commit sexual battery. In my opinion, the answer is "no." While a direct ineffectual act toward the commission of a crime is one of the elements of the crime of attempt, the ineffectualness of the act is relevant only to distinguish between the attempt and the completion of the crime. Obviously, Ishee's request was ineffectual. However, had C.G. agreed to the request, the crime still could not have been consummated without additional action on Ishee's part. The majority makes a point of stating that children react differently than adults, and because of this finds that Ishee's actions were sufficient to constitute attempted sexual penetration of a willing child. I disagree with this reasoning. The fact that C.G. was a minor and could not legally consent to such an act is

not relevant to our deliberation. The focus is properly on the actions taken by Ishee to consummate the intended act. Hence, the request, without more, could not have led to the commission of the offense. Similarly, the pointing, without more, could not have led to the commission of the offense.

¶36. Based upon the facts before us, all that we have is a request to allow a sexual activity to take place. The request was dishonored. The encounter ended. Judicial transformation of that request into an element of the intended offense, though morally desirable in this case, requires a suspension of logic which I cannot undertake. At most, Ishee's request was an attempt to locate a victim, not an attempt to sexually penetrate that victim. In fact, Ishee could not really start commission of the crime which he intended until he found a willing victim. Ishee's stated motive was to find a willing victim to perform the act. He likely did not intend to perform the act in the aisle of Wal-Mart even if his victim had consented.

¶37. Except with children, lack of consent on the part of the victim is always an element of the offense, but never an issue unless the defendant is claiming that the activity was consensual. Further, proof of lack of consent is never sufficient to prove the crime of attempt if no overt acts have been taken toward the commission of the crime, even if the proof of lack of consent is overwhelming. In the present case, there is no evidence that Ishee did anything to further his design after C.G. told him "no, thank you." This is important, given the fact that Ishee did not have the present ability to commit the offense charged.

¶38. I reach the ultimate conclusion that the overt acts alleged in the indictment in the present case were insufficient to charge an attempt to commit the crime of sexual battery. Having concluded that the acts alleged in the indictment were not sufficient to charge the crime of attempt to commit sexual battery, it necessarily follows that the trial court erred in overruling Ishee's demurrer to the indictment. Accordingly, I would find that the cause should be reversed and rendered.

## II.

¶39. I agree with the majority's disposition of issue two. The prosecutor's remarks, while tacky, could logically be construed as responding to the defense's comments. Nevertheless, I would admonish prosecutors to refrain from using the "send a message" argument during guilt determination. No matter the repugnance of the crime, defendants in criminal cases are entitled to due process of law and the duty rests with the district attorney's office to see that justice is served in a manner consistent with widely held notions of due process and respect for state and federal constitutional rights.

## III.

¶40. I would find the indictment in this case fatal on other grounds. The indictment charges that Ishee "did willfully, unlawfully and feloniously attempt to commit sexual battery upon C.G., a male child under the age of fourteen (14) years, by asking the said C.G. to engage in fellatio and pointing to his penis, contrary to and in violation of section 97-3-101, Miss. Code Ann. (1972)." The statute referenced in the indictment sets forth the penalty for sexual battery, not the elements of the crime. Although he filed a demurrer to the indictment on the grounds discussed in the preceding section, Ishee did not raise this particular point with the trial court or on appeal. I agree with the majority that we generally find such omissions to be a procedural bar on appeal. However, when justice so requires, we must apply the plain error rule advanced in Miss. R. Evid. 103(d). I believe that such an occasion is here presented because the indictment wholly failed to state the elements of the crime. The indictment grounded on the penalty statute of the Code, rather than the criminal statute, cast an intolerable pall over federal and state guarantees of due process.

¶41. A discussion of the applicable statutes is necessary to a full understanding of this issue. Miss. Code Ann. § 97-3-101 (2000) provides:

> (1) Every person who shall be convicted of sexual battery under Section 97-3-95(1)(a), (b), or (2) shall be imprisoned in the State Penitentiary for a period of not more than thirty (30) years, and for a second or subsequent such offense shall be imprisoned in the penitentiary for not more than forty (40) years.
>
> (2) (a) Every person who shall be convicted of sexual battery under Section 97-3-95(1)(c) who is at least eighteen (18) but under twenty-one (21) years of age shall be imprisoned for not more than five (5) years in the State Penitentiary or fined not more than Five Thousand Dollars ($5,000.00), or both;
>
> (b) Every person who shall be convicted of sexual battery under Section 97-3-95(1)(c) who is twenty-one (21) years of age or older shall be imprisoned not more than thirty (30) years in the State Penitentiary or fined not more than Ten Thousand Dollars ($10,000.00), or both, for the first offense, and not more than forty (40) years in the State Penitentiary for each subsequent offense.
>
> (3) Every person who shall be convicted of sexual battery under Section 97-3-95(1)(d) who is eighteen (18) years of age or older shall be imprisoned for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.
>
> (4) Every person who shall be convicted of sexual battery who is thirteen (13) years of age or older but under eighteen (18) years of age shall be sentenced to such imprisonment, fine or other sentence as the court, in its discretion, may determine.

This statute deals with the penalty for violation of the sexual battery statute, rather than the elements of the crime of sexual battery and Ishee was indicted under this section only.

¶42. Section 97-3-95 is the proper charging statute for the offense of sexual battery. It reads as follows:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
>
> (a) Another person without his or her consent;
>
> (b) A mentally defective, mentally incapacitated or physically helpless person;
>
> (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
>
> (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
>
> (2) A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

Miss. Code Ann. § 97-3-95 (2000). However, since the charged crime in the case instanter was an attempt rather than a completed act, the elements of the crime of attempt should have been set forth in the

indictment. The applicable statute, Miss. Code Ann. § 97-1-7 (2000), states:

> Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.

¶43. I am cognizant of our holdings in *White v. State*, 169 Miss. 332, 338, 153 So. 387, 388 (1934) and *Westmoreland v. State*, 246 So. 2d 487, 492 (Miss. 1971), that **reference to** the penalty section rather than the statute making the acts of a crime was mere surplusage, but I think the majority's reliance on them misplaced. The indictment in this case is different because, in both *White* and *Westmoreland*, the language of the indictment was found to be sufficient to charge the particular crime, despite the erroneous citation to the statute.

¶44. Here, in order to properly charge the offense of attempted sexual battery, the charge should have been brought under Miss. Code Ann. § 97-3-95 (2000), which makes sexual battery a crime, and Miss. Code Ann. § 97-1-7 (2000) which sets forth the elements of the crime of attempt to commit an offense and prescribes the punishment therefor, or alternatively, should have stated sufficient allegations of facts to charge the crime committed. This simply was not done here. The indictment failed to allege that Ishee attempted to penetrate the victim, as that term is defined. I would find that this failure coupled with the erroneous citation of the penalty statute makes the indictment insufficient to charge Ishee with attempted sexual battery.

¶45. Finally, I would note that under the facts of the present case, it is probable that Ishee could have been more appropriately charged under Miss. Code Ann. § 97-5-5 (2000), Mississippi's anti-luring statute. This was the actual crime committed, and the majority has swallowed a camel to strain out a gnat in order to protect a conviction in this cause.

¶46. Based upon the foregoing, I would find that the indictment was defective and should have been dismissed. I further would reverse the judgments of the Court of Appeals and the Neshoba County Circuit Court, and render judgment here dismissing the indictment with prejudice and discharging Whitney Glenn Ishee.

**BANKS AND McRAE, P.JJ., JOIN THIS OPINION.**