LEE, J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On April 14, 2000, a jury in the Circuit Court of Lafayette County found Rashad Quarles guilty of attempted sexual battery of Z.J., a female minor. Quarles was sentenced to ten years in custody of the Mississippi Department of Corrections, with three years suspended and seven to serve. Quarles now perfects his appeal to this Court asserting that the trial court erred in denying his motion for a directed verdict or a judgment notwithstanding the verdict because the evidence was insufficient to support the guilty verdict.
FACTS
¶ 2. On August 4, 1998, Quarles and Kendrick Mathis picked up Z.J. and took her to a motel room where some of their friends were already drinking and smoking marijuana. The men involved included Albert Crowley, Michael Miller, Desmond Parham, and Derrick Mitchell. These other men, including Mathis, were also charged with various crimes relating to the events that occurred in the hotel room on this particular night. After smoking marijuana, Z.J. became sleepy and fell back upon the bed. At this point, the men took off her clothes and began fondling her. The men then took turns having sexual relations with the victim. Although Z.J. could not recall exactly with whom she had sexual relations, she did remember that Quarles asked her to perform oral sex upon him. Z.J. refused this request.
¶ 3. Quarles did fondle Z.J.’s genital area while trying to achieve an erection. However, Quarles did not have sexual intercourse with Z.J. as he could not maintain his erection. Shortly after this, most of the participants left the hotel room, except for two men who stayed in order to take advantage of Z.J. again. The police were then notified of this incident and Quarles turned himself in the next day.
DISCUSSION OF ISSUE
I. WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE GUILTY VERDICT?
¶ 4. Quarles contends that the State failed to prove that he had attempted to sexually penetrate the victim. Our standard of review concerning sufficiency of the evidence is as follows: the trial judge is required to accept as true all of the evidence favorable to the State, including any reasonable inferences that may be drawn therefrom. Wall v. State, 718 So.2d 1107(¶ 15) (Miss.1998). If, under this standard, sufficient evidence to support the jury’s verdict of guilty exists, the motion for a directed verdict should be denied. Isaac v. State, 645 So.2d 903, 907 (Miss.1994). The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 5. According to Mississippi Code Annotated Section 97-3-95 (Rev.2000), “(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: ... (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.” The term sexual penetration includes “cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.” Miss. *989 Code Ann. § 97-3-97 (Rev.2000). Attempted sexual battery becomes an offense by virtue of the two statutes just mentioned when read in conjunction with Mississippi Code Annotated Section 97-1-7 (Rev.2000), which in pertinent part provides: “Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall ... be punished .... ”
¶ 6. The crime of attempt consists of the following: “1) an intent to commit a particular crime; 2) a direct ineffectual act done toward its commission; and 3) failure to consummate its commission.” Pruitt v. State, 528 So.2d 828, 830 (Miss.1988). Quarles’ main contention is that his failure to commit sexual battery was not due to any extraneous causes; therefore, he abandoned his attempt. Quarles relies upon West v. State, 437 So.2d 1212 (Miss.1983), in support of this argument. In West, the court reversed West’s conviction of attempted sexual battery because the State failed to prove that his failure to commit the act was due to an extraneous cause. The court found that West’s failure to consummate the crime was his own decision. Id. at 1214.
¶ 7. However, we find that Quarles’ situation is distinguishable from West’s and, therefore, we find sufficient evidence to support Quarles’ conviction of attempted sexual battery. Z.J. testified that it was Quarles who asked her to get into the car with him and Mathis. Mathis testified that Quarles asked Z.J. to lie down in the back of the car and that he also asked Z.J. if “he was going to get him some sex.” Miller testified that when Quarles, Mathis, and Z.J. arrived at the hotel room, Quarles announced that Z.J. was there to have sex with them. Miller further stated that Quarles told Z.J. to get out of her clothes, that Quarles tried to get Z.J. to perform oral sex upon him, and that Quarles “was playing with her privates” while trying to maintain an erection. Crowley also testified that Quarles was leaning over the victim with his pants down, trying to maintain an erection while touching the victim in her genital area. Crowley also stated that the men in the room wanted to get Z.J. “high” on the marijuana so she would be more cooperative.
¶ 8. In Ishee v. State, 799 So.2d 70 (Miss.2001), a nine-year-old boy was approached in the grocery store by an older man asking the boy to engage in fellatio. The court upheld Ishee’s conviction of attempted sexual battery, stating that asking the boy to engage in fellatio and pointing to his penis was enough of an overt act sufficient to constitute an element of the offense. Id. at (¶ 5). Furthermore, the boy’s refusal of Ishee’s advances was considered an extraneous cause. Id. at (¶ 9). In the case sub judice, Z.J. testified that she refused to perform oral sex upon Quarles. Obviously Quarles was not satisfied with this answer and proceeded to attempt to engage in sexual intercourse with Z.J. There was testimony that another person walked into the room while Quarles was attempting to maintain his erection and took Z.J. into the bathroom. We cannot reverse where reasonable and fair-minded jurors could find Quarles guilty. There was sufficient testimony for the jury to find that Quarles did attempt to engage in sexual battery with Z.J., either through his attempts at oral sex or his failed attempt at sexual penetration.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF ATTEMPTED SEXUAL BATTERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DE *990 PARTMENT OF CORRECTIONS, WITH SEVEN YEARS TO SERVE AND THREE YEARS SUSPENDED, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.