# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-01260-SCT

*JACKIE RAY PATRICK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/1997 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/3/2000 |

## BEFORE PRATHER, C.J., MILLS AND COBB, JJ.

## COBB, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. On October 6, 1997, Jackie Ray Patrick was convicted in the Circuit Court of Scott County, Mississippi, of the following crimes: Count I: Aggravated assault; Count II: Armed robbery; Count III: Aggravated assault; Count IV: Armed robbery; Count V: Burglary of a dwelling; and Count VI: Grand larceny. Accordingly, the trial judge sentenced Patrick to two consecutive life sentences plus an additional 40 years to be served in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment and sentence issued against him, Patrick now appeals to this Court raising the following issues:

> **I. COMBINING CHARGES FROM THREE SEPARATE INCIDENTS INTO A SIX-COUNT INDICTMENT AND ONE TRIAL VITIATED THE APPELLANT'S PRESUMPTION OF INNOCENCE FROM EVIDENCE NOT MUTUALLY ADMISSIBLE IN SEPARATE TRIALS.**

> **II. PROSECUTORIAL ABUSE DURING VOIR DIRE DENIED APPELLANT A FAIR TRIAL.**

### STATEMENT OF FACTS

¶2. On the morning of Friday, May 23, 1997, Jessie Gowan met with Patrick, whom Gowan had known all of his life. The two had been visiting at a friend's house and decided to go riding around in Gowan's car, a blue 1989 Ford Crown Victoria. At some point later in the afternoon, Gowan pulled over to relieve himself in a soybean field south of Morton, Mississippi, in Scott County. While Gowan was out of the vehicle, Patrick found Gowan's .22 caliber pistol and announced to Gowan his intention to shoot him and take his car. Patrick then shot Gowan twice and drove off in Gowan's Ford automobile.

¶3. After shooting Gowan and stealing his car, Patrick drove to the home of Jim Armstrong, who lived in Scott County between Forkville and Ludlow, Mississippi. Armstrong was sitting in his living room around 4:30 p.m. when Patrick entered his home pointing the gun and demanding Armstrong's billfold and keys. Armstrong gave him the billfold and told him the keys were in the truck. Patrick then shot Armstrong in the chest, and when Armstrong turned to flee, Patrick shot him again in the back. Armstrong managed to secure a weapon from his bedroom and exchanged gunfire with Patrick in the driveway while Armstrong was trying to reach his truck. Armstrong managed to reach his truck and drove to Forkville where he was assisted and taken to the hospital.

¶4. Patrick next went to the home of Mr. and Mrs. Charles Fairchild, neighbors of Armstrong, who lived about ten (10) miles north of Morton in Scott County. The Fairchilds had left their house about 5:15 or 5:30 p.m. to check on Armstrong in the hospital. Upon their return about 11:00 p.m. that same evening, they discovered that their home had been burglarized and that their blue Chevy farm truck was missing. Several guns, $50, and some clothes had also been taken from the home. They later found in their home the clothes that Patrick had been wearing.

¶5. Patrick was apprehended early the next morning by a highway patrolman, driving the stolen farm truck which contained the items stolen from the Fairchild's residence. He gave a statement to officers in which he denied any wrongdoing.

## DISCUSSION

### I. COMBINING CHARGES FROM THREE SEPARATE INCIDENTS INTO A SIX-COUNT INDICTMENT AND ONE TRIAL VITIATED THE APPELLANT'S PRESUMPTION OF INNOCENCE FROM EVIDENCE NOT MUTUALLY ADMISSIBLE IN SEPARATE TRIALS.

¶6. Patrick first contends that he was prejudiced by the multi-count indictment because the jury was more likely to presume that since Patrick was charged with many crimes, he must have been guilty of at least one. Patrick argues that the jury would have been less likely to convict him if they had only considered the counts arising out of each incident instead of considering them all together. The State responds that Patrick is procedurally barred from raising this issue because it was never argued at trial. Alternatively, the State claims that the multi-count indictment charging Patrick with these various crimes was proper because all of the separate incidents were part of a common scheme or plan.

¶7. The State is correct when it points out that Patrick never raised this present issue at the trial level. The record is devoid of any objections by defense counsel regarding the multi-count indictment or its potential prejudicial effects. In instances where a defendant fails to raise an objection at the trial level, this Court normally applies the standard we advanced in *Leaverett v. State*, 197 So. 2d 889, 890 (Miss. 1967), where we explained,

> The Supreme Court is a court of appeals, it has no original jurisdiction; it can only try questions that have been tried and passed upon by the court from which the appeal is taken.

(quoting *Collins v. State*, 173 Miss. 179, 180, 159 So. 865 (1935)). However, on occasion we find it necessary to apply the plain error rule advanced in Mississippi Rule of Evidence 103(d) as follows:

> Plain error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

In *Grubb v. State*, 584 So. 2d 786, 789 (Miss. 1991), we held that

> [t]his Court, on occasion when circumstances warranted, has noted the existence of errors in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court.

¶8. Notwithstanding the procedural bar, we will address the merits of Patrick's claim that he was prejudiced by the use of a multi-count indictment.

¶9. Miss. Code Ann. § 99-7-2 (1994) addresses the propriety of multi-count indictments in pertinent part as follows:

> (1) Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.

> (2) Where two (2) or more offenses are properly charged in separate counts of a single indictment, all such charges may be tried in a single proceeding.

> (3) When a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.

¶10. In *Woodward v. State*, 533 So. 2d 418, 422 (Miss. 1988) we recognized the propriety of § 99-7-2 when we found, "no error in the State's charging of three felony counts within a single indictment since this indictment was returned after the effective date of the statute and followed its dictates." We further acknowledged this statutory provision when we adopted the Uniform Circuit and County Court Rules in 1995, which incorporate § 99-7-2 into Rule 7.07.

¶11. The multi-count indictment issued by the State in this case was in compliance with § 99-7-2. The record demonstrates that Patrick's Scott County crime spree constituted a "common scheme or plan" as contemplated in subsection 1(b) of the statute. All of the events occurred over the brief period of seven (7) hours in relatively close proximity to each other. Although the crimes involved different victims, the offenses were interrelated as they each involved assault and/or theft of property. Additionally, the judge complied with subsection (3) of the statute when he issued separate sentences for each conviction.

¶12. We find that this claim is procedurally barred, but alternatively is without merit.

## II. PROSECUTORIAL ABUSE DURING VOIR DIRE DENIED APPELLANT A FAIR

**TRIAL.**

¶13. Patrick next argues that during voir dire, the State asked the jurors questions which effectively forced them to pledge a guilty verdict against Patrick. Specifically Patrick takes issue with two comments made by the prosecutor during voir dire:

> It's the jury's job, if there is a conflict in the evidence, the State's witnesses may testify one way, and if the Defendant chooses to call witnesses, they may say something else, but do you understand that a mere conflict in the evidence doesn't necessarily create a reasonable doubt? That's why we have jurors to resolve that conflict and to determine the truth. Everyone understand that?

> So, my final question to you is simply this: After you have heard all of the evidence on all six counts of the indictment, if you believe that the State has proved its case beyond a reasonable doubt, if you believe that's the truth of what happened, can you all tell me that you will return a verdict in this Court as guilty as to all six counts? If you could do that, would you raise your hand at this time. Thank you.

¶14. As in the first issue, the State properly raises the point that no objection was made during voir dire or trial regarding these statements and thus this issue is procedurally barred. Unlike the multi-count indictment issue, however, these statements by the prosecution do not raise the specter of denial of substantial rights or plain error. Thus, this issue is without merit.

## CONCLUSION

¶15. We find that the multi-count indictment issued against Patrick was proper because all the counts were related to crimes committed under a common scheme or plan, and all the crimes occurred within a period of only a few hours. Additionally, we find that the prosecutor's comments and questions to prospective jurors during voir dire did not constitute plain error. Patrick's failure to object to these statements at trial now raises a procedural bar against our review of them. We affirm the judgment of the Scott County Circuit Court.

¶16. **COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IN COUNT I IS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS II AND IV. COUNT II: CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT III: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IN COUNT III IS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS II, IV, AND I. COUNT IV: CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IN COUNT IV IS TO RUN CONSECUTIVELY WITH THE SENTENCE IN COUNT II. COUNT V: CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IN COUNT V IS TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNTS II, IV, I AND III. COUNT VI: CONVICTION OF GRAND**

**LARCENY (AUTO) AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IN COUNT VI IS TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNTS II, IV, I, III, AND V.**

**PRATHER, C.J., PITTMAN, P.J., SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J.**

### BANKS, JUSTICE, CONCURRING:

¶17. Patrick's multi-count indictment argument is waived because he could have asserted this issue at trial. Accordingly, I agree with the result that the majority reaches on this issue. I write separately to note my disagreement with the suggestion that this multi-count indictment would properly have survived a timely motion to quash or sever.

¶18. Just what constitutes a common scheme or plan or sufficient connection to pass muster under Miss. Code Ann. § 99-7-2 (1994) has been discussed in only a few cases. Based on those cases, Patrick's actions do not, in my view, constitute a common plan or scheme for the purposes of § 99-7-2.

¶19. In determining whether a defendant's acts constitute a common plan or scheme, this Court considers whether the victim is the same, the act is the same, and the same evidence can be used if the State brought charges in separate trials. *Ott v. State*, 722 So.2d 576 (Miss. 1998); *Eakes v. State*, 665 So.2d 852 (Miss. 1995); *Allman v. State*, 571 So.2d 244 (Miss. 1990); *Blanks v. State*, 542 So.2d 222 (Miss. 1989). These are also factors to consider when granting or denying a motion to sever a multi-count indictment. *Corley v. State*, 584 So.2d 769, 772 (Miss. 1991). When these facts were not present, this Court has held that there was no common scheme or plan or sufficient connection to support a multi-count indictment. *McCarty v. State*, 554 So.2d 909, 915 (Miss. 1989); *Gray v. State*, 549 So.2d 1316, 1321 (Miss. 1989). We have never held that the fact that crimes were committed in a similar fashion by the same alleged perpetrator is sufficient to support a multi-count indictment. There must be more of a connection between the crimes than that.

¶20. In *Ott v. State*, a second drug buy was based on information received from a previous drug buy. *Ott v. State*, 722 So.2d 576, 580 (Miss. 1998). Although several hours passed between the two buys and the buyers were two different police officers, this Court upheld a trial court finding that the crimes were connected. *Id*. Important to that decision was the fact, if the counts were tried separately, under Rule 404(b)of the Mississippi Rules of Evidence, the court would allow evidence of other crimes. *Ott v. State*, 722 So.2d at 581(quoting *Smith v. State*, 656 So.2d 95, 98-99 (Miss. 1995)(stating evidence of prior drug sales is admissible to prove intent when accompanied by a limiting instruction)). Rule 404(b) of the Mississippi Rules of Evidence states as follows:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, **plan**, knowledge, identity, or absence of mistake or accident.

Miss. R. Evid. 404(b)(emphasis added). Accordingly, the evidence of the other sale of drugs was admissible. This is important because one of the primary reasons for eschewing multi-count indictments is to avoid the kind of unfair prejudice which flows from placing suggestions of multiple crimes before a jury. *McCarty v. State*, 554 So. 2d at 916. ("There is a great potential for mischief in allowing a multi-count indictment where the charges arise out of separate transactions or occurrences in that the jury may believe that the defendant is charged with so much that he must be guilty of something.").

¶21. Similarly in *Eakes*, the Court held that a multi-count indictment was proper. *Eakes v. State*, 665 So.2d at 861. Eakes was charged with two counts of sexual battery of a nine-year old girl. *Id*. The Court noted that Eakes's alleged offenses appeared to have been a part of a common plan as the offenses were committed only against the nine-year old girl even when other children were available targets. *Id*. The Court noted that if the charges were severed, the evidence of one offense would have been admissible in the case of the other. *Id*. at 862. Noting that the crimes involved the same victim, same type of act and same admissible evidence, this Court found that there was a common plan. *Eakes v. State*, 665 So.2d at 862.

¶22. This Court in *Allman* determined that two rapes and an attempted rape were part of a common scheme or plan. *Allman*, 571 So.2d 248-49. There, the defendant raped a ten year-old girl once in February of 1986 and again in the summer of 1986. *Allman*, 571 So.2d at 246. The defendant then attempted to rape the girl in September of 1986. *Id*. There, the Court held that the three transactions very plainly, were connected by the identity of the victim and by the identity of the kind of act committed by the appellant. *Allman*, 571 So.2d at 248. Again, the Court also noted that the evidence used to prove each count was fully admissible to prove each of the other counts. *Id*. Also, although the crimes occurred within six (6) months of each other, the Court found that the charges were properly brought in a multi-count indictment as a common scheme or plan. *Id*. at 249.

¶23. Also, in *Blanks v. State*, 542 So.2d 222 (Miss. 1989), this Court held that two charges, murder and aggravated assault, were properly brought under the multi-count indictment statute. There, the defendant shot into a car several times killing Danny Ford Ready. The defendant was also charged with the aggravated assault of Jimmy Selman, a passenger shot in the car. *Id*. at 225. This Court held that both the murder and the aggravated assault "arose from a single fusillade, certainly a single transaction, episode or event." *Id*. This case turned on the single transaction or episode aspect of § 99-7-2, not the common scheme or plan aspect. Nevertheless, both crimes involved the same victim, same act and would use the same evidence for the purposes of § 99-7-2.

¶24. Here, the facts that caused the possibility of a multi-count indictment include the defendant committing the following crimes within seven hours. The crimes include three distinct situations: 1) shooting and robbing Jessie Gowan for his automobile; 2) shooting and robbing Jim Armstrong for his automobile; and 3) burglarizing a dwelling and stealing from Mr. and Mrs. Fairchild. These facts show a crime spree, but not a plan or common scheme nor any other connection between the crimes saved the identity of the accused. The victims are different. Patrick's acts are different. Also, the evidence for each crime is different. Based on this Court's previous treatment of a common plan or scheme, the facts of this case do not show a common plan or scheme. While, the crimes were committed within seven hours "implicit in the *Allman* holding is a finding that the length of intervening time periods is insignificant." *Eakes v. State*, 665 So.2d at 861. There is no support for the proposition that a common plan or scheme is shown simply because the defendant robs different victims within a certain number of hours. These crimes are different, and as this Court has noted:

We have been, and remain, unwilling to allow separate and distinct offenses to be tried in the same criminal proceeding. We do so in order to avoid potential problems of a jury finding a defendant guilty on one unproven count due to proof of guilt on another, or convicting a defendant based upon the weight of the charged offenses, or upon the cumulative effect of the evidence.

*McCarty v. State*, 554 So.2d at 915 (citations omitted).

¶25. The potential for jurors to make a decision based on other crimes is a concern of this Court. The highly prejudicial effect of admitting other crimes is abundantly clear as evinced by this Court's established body of law in other contexts as well. For instance, the Court has acknowledged the highly prejudicial effect on a jury in the context of admitting prior convictions of similar offenses for impeachment purposes. *Peterson v. State*, 518 So.2d 632, 637 (Miss. 1987) ("The past crime, possession of marijuana with intent to deliver, is so similar to the crime for which Peterson was being tried, sale of marijuana, that the prejudicial effect of the conviction is very high. In such a situation the jury is very likely to infer present guilt from past conviction for a similar offense."); *Johnson v. State,* 525 So.2d 809, 812 (Miss. 1988) (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967)( There are "strong reasons . . . for excluding those [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'").

¶26. Therefore, I concur in the affirmance of this conviction, but only because Patrick failed to lodge a timely objection to the multi-count indictment.

**PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**