843 So.2d 66 (2002)
Victor Bernard KEARLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00374-COA.
Court of Appeals of Mississippi.
October 22, 2002.
Rehearing Denied January 7, 2003.
Certiorari Denied April 17, 2003.
*67 James A. Williams, Meridian, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the court.
¶ 1. Victor Bernard Kearley was found guilty in the Lauderdale County Circuit Court of sexual battery. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections with fifteen years suspended, five years to serve, and five years of supervised probation after being released from custody. Aggrieved by his conviction, Kearley has appealed and raised the following issues:
I. Whether the trial court made comments prejudicial to Kearley's defense.
II. Whether Kearley was denied a fair trial as a result of the ineffective assistance of counsel.
III. Whether the trial court improperly excluded evidence of the alleged victim's character and thereby deprived Kearley of a fair trial.
IV. Whether the trial court failed to require proper authentication of the alleged correspondence from Kearley to the victim.
V. Whether the sexual battery statute violated the privacy rights of Kearley and the victim.

FACTS
¶ 2. On March 26, 2000, Tina,[1] then fifteen years of age, was riding in the car with Victor Kearley. Kearley, who was born March 13, 1962, was thirty-eight years of age.
¶ 3. The primary purpose of Kearley's trip was to obtain the title to his truck. After doing so, Kearley drove to an isolated area and parked. He then kissed Tina, lifted her shirt and rubbed her breasts, unzipped her pants and placed his hand in her pants. Tina declined his attention, *68 and then Kearley drove to a store to purchase gas.
¶ 4. While at the store, Kearley bought Tina a wine cooler. They then drove to the Dalewood storage barn and got out of the car. Once out of the car, Kearley again kissed Tina, opened her pants, and this time inserted his finger into her vagina. In response to Kearley's directive that they get on the back seat, Tina said, "no, that was enough." Rebuffed by Tina, Kearley simply stared at her for a while, and then drove home.
¶ 5. After this incident, Kearley sent several very explicit computer e-mail messages to Tina. He also delivered, or caused to be delivered, to Tina several letters regarding the nature of his feelings for her.
¶ 6. Tina did not tell her parents about the incident of March 26, or the subsequent correspondence from Kearley. However, she did inform a friend of this incident the following day.
¶ 7. In May 2000, while discussing other matters with her mother, Tina inadvertently told her of the incident with Kearley. Her parents took her to the Lauderdale County Sheriff's Office to file a complaint against Kearley. At the sheriff's office, they were interviewed by Officer Tracy Hill Watts, who was assigned to investigate this matter.
¶ 8. On July 25, 2000, Kearley was indicted on a charge of sexual battery, pursuant to Mississippi Code Annotated Section 97-3-95(1) (Rev.2000). He was found guilty on January 25, 2001.

ISSUES AND ANALYSIS

I.

Whether the trial court made comments prejudicial to Kearley's defense.
¶ 9. Kearley contends that his right to a fair trial was prejudiced by comments made by the trial judge. While Kearley's assertions on this issue are somewhat rambling, it appears that he argues that he was prejudiced by (1) the trial judge's reference to a party who did not testify as "a witness," (2) the trial judge's direction to the State to lay a proper foundation before seeking the admission of e-mail messages, (3) the references to Tina as the "victim" in jury instructions C-8[2] and C-9,[3] (4) the use of the phrase "should you find" in the jury instructions, and (5) the trial judge's questioning the relevance of information of the victim's less than pristine character.
*69 ¶ 10. The record does not reflect that Kearley objected to any of these matters at trial, and accordingly they are not properly before this Court. An appellate court may only review those matters properly preserved for appeal during trial. Sanchez v. State, 792 So.2d 286(¶ 18) (Miss.Ct.App.2001).
¶ 11. Even had these issues been properly preserved for appellate purposes, they are totally devoid of merit.

II.

Whether Kearley was denied a fair trial as a result of the ineffective assistance of counsel.
¶ 12. Kearley identified seven areas in which he claims his attorney's performance was ineffective. They are: (1) that his attorney characterized the case as one where it was "the female's word against his," (2) that his attorney failed to "vigorously challenge the State's witnesses" and failed to put on character witnesses, (3) that questions asked of the victim advanced consent as a defense, (4) that attacking the e-mails' authenticity with a defense that someone else could have created them even though Kearley had admitted to sending the e-mails during discovery amounts to ineffective assistance of counsel, (5) that his attorney failed to object to leading questions to Tina by the State, (6) that his attorney failed to object to leaving a female on the jury who had previously rendered a guilty verdict in a rape case and a murder case, and (7) that he received ineffective assistance of counsel due to his attorney's failure to challenge the fact that the sexual act occurred.
¶ 13. This Court finds no merit in Kearley's claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his attorney's performance was substandard and (2) that a proper performance by his attorney would have caused a different result. Clemons v. State, 732 So.2d 883(¶ 35) (Miss.1999). This Court sees nothing about defendant's claims, which even if accepted as true, would have had the likely effect of changing the outcome of this case.

III.

Whether the trial court improperly excluded evidence of the alleged victim's character and thereby deprived Kearley of a fair trial.
¶ 14. Kearley argues that the trial court should have allowed evidence of Tina's character to establish that she was not an "innocent child," but rather a very young but worldly woman. The trial court properly excluded this evidence of prior bad character, because it was not relevant or material to the charge of sexual battery under Section 97-3-95(1)(c) of the Mississippi Code Annotated (Rev.2000). This provision reads:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person;
(c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
Miss.Code Ann. Section 97-3-95(1)(c) (Rev.2000)(emphasis added).
¶ 15. Under the provisions of 97-3-95(1)(c), sexual battery is committed if there is sexual penetration (1) of a child at least fourteen but less than sixteen, (2) by a person at least thirty-six months older than the child. The evidence presented to the trial court established that (1) Kearley *70 inserted his finger in Tina's vagina, (2) that she was fifteen years of age when this occurred and (3) that he was thirty-eight years of age when this occurred.
¶ 16. That Tina's character was less than sterling was not a defense to sexual battery under Section 97-3-95(1)(c) of the Mississippi Code Annotated (Rev.2000), and was therefore neither relevant nor material.

IV.

Whether the trial court failed to require proper authentication of the alleged correspondence from Kearley to the victim.
¶ 17. Kearley claims that the e-mails and two letters were not properly authenticated as to origin and should not have been admitted. He claims the e-mails were of "an inflammatory nature" and were more prejudicial than probative. Kearley further maintains that it was unfair to use his e-mails to Tina since none of Tina's e-mails to him were introduced.
¶ 18. Mississippi Rule of Evidence 901(a) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Todd v. State, 806 So.2d 1086(¶ 26) (Miss.2001).
¶ 19. Tina testified that Kearley sent her e-mails which she received on her computer. The State moved to introduce the e-mails and Kearley objected based on authentication and hearsay. Outside the presence of the jury, the trial judge determined that the e-mails and letters were admissible and had been adequately authenticated under M.R.E. 1001[4] and M.R.E. 1003.[5] The trial judge found that the witness had vouched for the accuracy of the e-mail printouts and the document that was hand-delivered to her. Officer Hill-Watts testified that Kearley admitted that he sent the e-mails to Tina as well.
¶ 20. Given these facts, we find that the trial judge did not err in his decision and find this issue to be without merit.

V.

Whether the sexual battery statute violated the privacy rights of Kearley and the victim.
¶ 21. Kearley asks this Court to find Section 97-3-95(1)(c) of the Mississippi *71 Code Annotated (Rev.2000) unconstitutional because Mississippi allows marriage of fifteen-year-olds and by extension the consent to sexual acts. This issue was not presented to the trial court, and is therefore not properly before this Court. Walker v. State, 729 So.2d 197 (¶ 13) (Miss. 1998). However, it is clearly without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS SUSPENDED, FIVE YEARS TO SERVE, FIVE YEARS OF SUPERVISED PROBATION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Due to the age of the victim and the nature of the offense, her real name is not being used for purposes of this opinion.
[2] Instruction C-8: The Court instructs the Jury that sexual penetration includes the insertion of any part of the body or any object into the genital or anal opening of the victim. A child under the age of sixteen (16) years is not legally capable of consenting to sexual contact with a person who is more than thirty six [sic] (36) months older. Consent or willingness on the part of a victim under the age of sixteen (16) years, where the Defendant is more than thirty six [sic] (36) months older is no defense to Sexual Battery.
[3] Instruction C-9: The Court instructs the Jury that, should you find from the evidence in this case, beyond a reasonable doubt that:

1. On or about the 26th day of March, 2000 in Lauderdale County, Mississippi;
2. The Defendant, Victor Kearley, a male person over the age of 18 years, did wilfully and unlawfully engage in sexual penetration with Tina [name changed in opinion due to age], a female child between the ages of fourteen (14) years and sixteen (16) years by placing his placing [sic] his finger in her vagina;
3. And the Defendant was more than thirty six [sic] months older than the victim; at the time; then it is your sworn duty to find the Defendant guilty of Sexual Battery.
Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty of Sexual Battery.
[4] M.R.E. 1001 provides: For purposes of this article the following definitions are applicable:

(1) Writings and Recordings. "Writings" and "recordings" consist of letters, words, or numbers, or their equivalent set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.
(2) Photographs. "Photographs" include still photographs, x-ray films, video tapes, and motion pictures.
(3) Original. An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."
(4) Duplicate. A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction or by other equivalent techniques which accurately reproduce the original.
[5] M.R.E. 1003 provides: A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.