879 So.2d 505 (2004)
Christopher Brian REESE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00966-COA.
Court of Appeals of Mississippi.
April 6, 2004.
Rehearing Denied August 3, 2004.
*506 Ross Parker Simons, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Christopher Reese was convicted in the Circuit Court of Jackson County for sexual battery of a child under the age of fourteen years. Reese was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Reese appeals and cites the following errors:
I. WHETHER THE TRIAL COURT ERRED IN OVERRULING REESE'S MOTION TO SUPPRESS THE PHOTOGRAPHIC LINEUP.
II. WHETHER THE TRIAL COURT ERRED IN ADMITTING TESTIMONY WHICH VIOLATED RULE 9.04 OF THE UNIFORM *507 RULES OF CIRCUIT AND COUNTY COURT PRACTICE.
III. WHETHER THE TRIAL JUDGE ERRED IN GRANTING A PEREMPTORY INSTRUCTION.
IV. WHETHER THE TRIAL COURT ERRED IN DENYING REESE'S MOTION FOR A DIRECTED VERDICT AND JNOV.
V. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE COURT ERRED IN DENYING REESE'S MOTION FOR A NEW TRIAL.
VI. WHETHER THE TRIAL COURT FAILED TO ADMINISTER THE OATH TO THE PETIT JURY WHICH TRIED REESE.
¶ 2. Finding no merit in Reese's assertions, we affirm the ruling of the trial court.

FACTS
¶ 3. A.M.[1] met Reese in the neighborhood where her father lived and conversations ensued between the two. Reese obtained A.M.'s telephone number from a friend and began to call A.M., who was eleven years of age at the time. On or about April 17, 2000, Reese called A.M. at her grandmother's home and invited A.M. to come over to his house, claiming that he had something to tell her. When A.M. arrived at Reese's home, they sat on the couch in the living room talking for awhile before Reese told A.M. to go to his bedroom. In the bedroom, Reese began kissing A.M. and removing her clothes. Reese then proceeded to have sexual intercourse with A.M.
¶ 4. Approximately a month later, A.M. discussed the sexual encounter with a friend at school. A teacher overheard the conversation and reported the incident to the principal who immediately notified A.M.'s parents. A parent consultation was held at school where A.M. informed her parents that she had engaged in sexual intercourse with a person nicknamed "T."
¶ 5. A.M.'s father, John, became very angry and immediately left the meeting to search the neighborhood for the offender. After the parent consultation ended, A.M.'s mother, Jane, ordered A.M. to direct her to the home of the sex offender. John arrived at Reese's house shortly before Jane and A.M. and confronted Reese. Reese initially denied that he had sexual intercourse with A.M. However, after A.M. arrived and identified Reese as the culprit, Reese admitted they had sex but claimed that he did not know A.M. was only eleven years old.
¶ 6. On May 2, 2002, Reese was tried and convicted in the Circuit Court of Jackson County for sexual battery of a minor under the age of fourteen years.

I. WHETHER THE TRIAL COURT ERRED BY OVERRULING REESE'S MOTION TO SUPPRESS THE PHOTOGRAPHIC LINEUP.
¶ 7. It is well-settled law that the standard of review for evaluating the admissibility of evidence at suppression hearings in pretrial identification cases is whether substantial credible evidence supports the trial court's findings that, considering the totality of the circumstances, the in-court identification testimony was not impermissibly tainted. Ellis v. State, 667 So.2d 599, 605 (Miss.1995). Reese argues the pretrial *508 photo identification of him by A.M. was suggestive to the point of creating an unreasonable risk of misidentification. Reese's photograph was placed in the upper left hand corner of the photo array. Reese alleges he was prejudiced by the placement of his picture in this position because all viewers begin to read or view a document from this position. The photo of Reese was the only one in the array which showed a person with no hairline.
¶ 8. Reese filed a motion to suppress the photo identification at a pretrial hearing held on May 1, 2002. The trial court denied the motion.
¶ 9. At trial, A.M. was allowed to make an in-court identification of Reese. Detective Lawson also testified that A.M. identified Reese as her assailant from a photographic line-up.
¶ 10. To determine whether the trial court's findings were supported by substantial evidence, a discussion of the law governing pretrial and post trial identification is required. A photographic lineup is impermissibly suggestive when the accused is "conspicuously singled out in some manner from others." York v. State, 413 So.2d 1372, 1383 (Miss.1982). In Thompson v. State, 483 So.2d 690, 692 (Miss.1986), the court stated:
An impermissibly suggestive pretrial identification does not preclude in-court identification by an eye witness who viewed the suspect at the procedure, unless: (1) from the totality of the circumstances surrounding it, (2) the identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.
¶ 11. Reese's argument that the trial judge erred because he failed to balance the suggestiveness of A.M.'s identification against the finding of whether there was a substantial likelihood of misidentification is without merit. The Mississippi Supreme Court in Jones v. State, 504 So.2d 1196, 1198 (Miss.1987), addressed the issue of whether minor differences in a photograph array would create an impermissible suggestion. In Jones, the defendant was the only person in an array of seven photographs that was wearing a cap. Id. at 1199. His photograph was also slightly larger than the other six photographs. Id. The supreme court held these minor differences did not constitute an "impermissible suggestion." Id.
¶ 12. In Brooks v. State, 748 So.2d 736, 742(¶ 27) (Miss.1999), the defendant's picture in the photographic line up was the only picture in the lineup of a person with long hair. The court held that "although there might be a slight suggestion of impermissibility in the use of the photograph of the defendant in which his hair is longer than the others depicted, nonetheless, nothing about the photographic array nor the procedure used, gives rise to a substantial likelihood of misidentification." Id.
¶ 13. A.M.'s in-court identification of Reese is sufficient to overcome any prejudice that may have been caused by the photo lineup. The Mississippi Supreme Court held the Biggers factors, established in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), are to be evaluated in order "to determine whether the in-court identification is `sufficiently reliable to overcome the taint of the prior improperly attained identification.'" Ellis v. State, 667 So.2d 599, 605 (Miss.1995) (quoting Gayten v. State, 595 So.2d 409, 418 (Miss.1992)). The Biggers factors are:
(1) the opportunity of the witness to view the accused at the time of the crime;
(2) the degree of attention exhibited by the witness;

*509 (3) the accuracy of the witness' prior description of the criminal;
(4) the level of certainty exhibited by the witness at the confrontation;
(5) the length of time between the crime and the confrontation.
Ellis, 667 So.2d at 605.
¶ 14. These factors apply to the present case as follows. A.M. had ample opportunity to view Reese at the time of the crime. A.M. was acquainted with Reese and talked to him on several occasions. Reese lived in A.M.'s neighborhood and called A.M. on the telephone numerous times. During the criminal act, A.M. observed Reese's facial features and was confident that Reese was the person with whom she had engaged in sexual intercourse. She identified him in court as that person.
¶ 15. A.M.'s level of certainty that Reese was the person with whom she had engaged in sexual intercourse was unwavering at the pretrial and at trial. Detective Lawson testified that A.M. identified the man in the first photograph, Reese, as the person with whom she had engaged in sexual intercourse. A.M. directed her parents to Reese's home where the sexual act occurred and gave an accurate description of the interior of Reese's bedroom.
¶ 16. Although A.M. could not identify Reese by his real name, she did state that she knew him by the nicknames of "T" and "Nokia". Reese has a Nokia tattoo on his arm and is known by many in the neighborhood as "Nokia". Although a month had transpired since Reese and A.M. had engaged in sexual intercourse, considering the intimate nature of the encounter between Reese and A.M., a month does not diminish the accuracy of A.M.'s identification of Reese.
¶ 17. Based on the Biggers factors, the in-court identification of Reese is sufficiently reliable to overcome any possible taint of the prior photo identification. Reese's argument is without merit.

II. WHETHER THE TRIAL COURT ERRED IN ADMITTING TESTIMONY THAT VIOLATED RULE 9.04 OF THE UNIFORM RULES OF CIRCUIT AND COUNTY COURT PRACTICE.
¶ 18. Evidentiary rulings are within the broad discretion of the trial court and will not be reversed absent an abuse of discretion. Coleman v. State, 697 So.2d 777, 784 (Miss.1997). Rule 9.04 of the Uniform Circuit and County Court Rules sets forth the appropriate procedure and remedies for the trial court to consider in resolving discovery violations. URCCC 9.07.
¶ 19. In the case sub judice, the State attempted to introduce testimony from A.M. about an apology Reese purportedly made to A.M.'s father. Reese's counsel objected to the testimony on the basis that it was a discovery violation. This apology was contained in a medical report from Dr. Nunez, which included statements A.M. and her family attributed to Reese. This medical report was provided to the defense during discovery. The statement in Dr. Nunez's notes stated, "I didn't know your daughter was eleven years old. It's not like that. Nothing to do with it." The trial court found the medical report properly placed the defendant on notice and admitted the evidence.
¶ 20. On appeal, Reese argues that Dr. Nunez's medical report does not contain an explicit apology by Reese to A.M.'s father. The State admits there was no explicit apology by Reese in Dr. Nunez's medical report but makes the following argument: (1) discovery documents put Reese's counsel on notice that Reese and A.M.'s parents had a confrontation during which statements were made, (2) Reese knew A.M. and her parents would testify, and (3) *510 counsel knew from Dr. Nunez's report the general statements to which A.M. and her parents would testify regarding the confrontation.
¶ 21. The purpose of discovery is to avoid ambush or unfair surprise to either party at trial. Frierson v. State, 606 So.2d 604, 607 (Miss.1992); Robinson v. State, 508 So.2d 1067, 1070 (Miss.1987). The substance of the conversations between Reese and A.M.'s parents was contained in Dr. Nunez's medical report. Reese presents nothing in this appeal which indicates the defense would have differed significantly had the specific statement of apology been provided to him in discovery. A violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice. Wooten v. State, 811 So.2d 355, 366(¶ 3) (Miss.Ct.App. 2001). Any violation of the rule in this case is harmless.

III. WHETHER THE TRIAL JUDGE ERRED IN GRANTING A PEREMPTORY JURY INSTRUCTION.
¶ 22. Reese argues the trial judge erred when he granted a peremptory jury instruction on the issue of A.M.'s age because the State had not proven beyond a reasonable doubt that A.M. was under the age of fourteen years. The jury instruction read as follows: "The court instructs the jury that the victim's resistance, or lack of resistance, is not relevant to your consideration, because a female child under the age of fourteen years cannot legally consent to the act of sexual intercourse." Reese's counsel did not object to the granting of this jury instruction, which waived his right to raise this issue on appeal. Walker v. State, 671 So.2d 581, 597 (Miss.1995). Aside from the procedural bar, A.M. testified that she was eleven years old when the sexual encounter occurred which is sufficient to establish the age of the minor. See Washington v. State, 645 So.2d 915, 920 (Miss.1994). Accordingly, Reese's argument is without merit.

IV. WHETHER THE TRIAL COURT ERRED IN DENYING REESE'S MOTION FOR A DIRECTED VERDICT AND JNOV.
¶ 23. Reese claims the trial court erred in denying his motion for directed verdict because the State failed to prove that Reese was more than twenty-four months older than A.M. Motions for directed verdict and JNOV involve consideration of the evidence before the court at the time the motions are made. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The same standard is used to review overruled motions for both directed verdict and JNOV. These motions pertain to the legal sufficiency of the evidence as opposed to the weight of the evidence. See Wetz v. State, 503 So.2d 803, 808, (Miss.1987).
¶ 24. The standard for assessing the legal sufficiency of the evidence requires that the judge accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn while disregarding evidence favorable to the defendant. McClain, 625 So.2d at 778. This Court may reverse only if one or more elements of the offense have not been proven, and the evidence is such that reasonable fairminded jurors could only find the accused not guilty. Id.
¶ 25. Mississippi Code Annotated Section 97-3-95 (Supp.2003) provides, "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:... (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child."
*511 ¶ 26. Reese argues the State failed to prove that he was twenty-four months older than A.M. A.M. testified that Reese told her he was seventeen years old before they had sexual intercourse. This statement was admitted into evidence as non-hearsay pursuant to Mississippi Rule of Evidence 801(d)(2). M.R.E 801. Reese did not object to the testimony of A.M. concerning his age.
¶ 27. Reese's motion for a directed verdict was denied after the State rested its case. Reese proceeded to offer evidence in his defense, thereby waiving his objection. If a defendant puts on evidence in his own defense after the denial of his motion for directed verdict, he waives his challenge to the sufficiency of the State's evidence up to that point. Stringer v. State, 557 So.2d 796, 797 (Miss.1990).
¶ 28. Based on the record, there was substantial evidence proving all elements of the crime. The circuit court correctly denied the motion for a JNOV. Reese's argument is without merit.

V. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE COURT ERRED IN DENYING REESE'S MOTION FOR A NEW TRIAL.
¶ 29. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss. 1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182. "This Court does not have the task of reweighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
¶ 30. A motion for a new trial asks the court to hold that the verdict was contrary to the overwhelming weight of the evidence. Crowley v. State, 791 So.2d 249, 253(¶ 15) (Miss.Ct.App.2000), citing Lane v. State, 562 So.2d 1235, 1237 (Miss.1990). When a motion for a new trial is made, the court must accept as true all evidence which favors the verdict. Youngblood v. State, 759 So.2d 479, 483(¶ 17) (Miss.Ct. App.2000), citing Veal v. State, 585 So.2d 693, 695 (Miss.1991). The grant or denial of a motion for a new trial rests within the sound discretion of the court. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.2001). That discretion should only be used to avoid an unconscionable injustice. Id. Unless the reviewing court upon an examination of that evidence finds it so lacking that to allow the verdict to stand would sanction an unconscionable justice, the motion for a new trial should be denied. McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
¶ 31. Reese lists several factors that he claims support his argument that the evidence presented in the record is insufficient to support a conviction. Accepting as true all evidence favorable to the State, this Court is compelled to conclude that the evidence was of such weight to support the jury's findings. We do not find that the evidence in favor of Reese was overwhelmingly contrary to the verdict. *512 This assignment of error is without merit.
¶ 32. A motion for a new trial is in the circuit court's discretion, and the standard is whether the evidence is so slight that it would be unjust to allow the conviction to stand. See Wetz, 503 So.2d at 812. The circuit court viewed the witnesses, and was better situated to judge credibility than an appellate court viewing the record. Given these facts, it cannot be said that the circuit court abused its discretion in denying the motion for a new trial.

VI. WHETHER THE TRIAL COURT FAILED TO ADMINISTER THE OATH TO THE PETIT JURY WHICH TRIED REESE.
¶ 33. Reese alleges the jury was not sworn as required by Mississippi Code Annotated 13-5-71 (Supp.2003), regarding a regular petit juror oath, or Mississippi Code Annotated 13-5-73 (Supp.2003), relating to jurors in capital cases. He claims the judge failed to provide the jurors with proper direction as to their solemn duties as jurors.
¶ 34. During voir dire of the jury, the judge undeniably tells the jury that, "All of you have been sworn and your [sic] qualified to serve." Reese's counsel also makes reference to the jury being properly sworn when she told the jury during voir dire that "there's going to be people who take an oath, just like ya'll did." This assignment of error is without merit.
¶ 35. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.
NOTES
[1] The actual names of the victim and the parents have not been used in this opinion to protect the privacy of the minor.