990 So.2d 798 (2008)
David Paul WILSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01397-COA.
Court of Appeals of Mississippi.
September 16, 2008.
*799 Doyle Lee Coats, Ross Parker Simons, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On June 16, 2006, a Harrison County Circuit Court jury found David Paul Wilson guilty of one count of fondling and one count of sexual battery. Wilson was sentenced to serve seven years on the fondling count and twenty years on the sexual battery count, with both sentences to run concurrently and to be served in the custody of the Mississippi Department of Corrections. Wilson subsequently filed a motion for a new trial, which was denied by the trial court. Wilson then appealed, asserting the following issues: (1) it was error for him to be tried on a multi-count indictment; (2) the jury was not properly sworn; (3) the indictment failed to give him proper notice of the crimes charged; (4) the trial court erred in giving certain jury instructions; (5) the trial court erred in excluding certain evidence; and (6) the verdict was insufficient as a matter of law and against the overwhelming weight of the evidence. Finding no error, we affirm.

FACTS
¶ 2. Between June and November 2003, C.B.L.[1] went to Ellen Wilson's house for *800 after-school care. C.B.L., who was seven years old at the time, stayed for approximately an hour to an hour-and-a-half before her parents picked her up. Ms. Wilson's son, David Wilson, was living with his mother at the time and was often present. C.B.L. informed her mother that Wilson, over the course of a few months, would frequently tickle her, sometimes in a way C.B.L. described as a bad tickle. At times, C.B.L. stated that Wilson would touch her "tinkle," would put his hands inside her underwear, would put his fingers inside her "tinkle," and would have her touch his "tinkle." C.B.L. also said that Wilson threatened to hurt her mother and father if she told anyone what he had done to her. While being interviewed by Detective Rosario Ing of the Gulfport Police Department, C.B.L. identified the areas where Wilson had touched her by circling the buttocks and genital area on an anatomical sketch of a female. C.B.L. also told Detective Ing that during one episode Wilson's pants were down, and she saw his genitals.
¶ 3. Wilson testified that he would tickle C.B.L. on occasion, but he never touched her inappropriately. Wilson stated that if any contact was inappropriate, it was accidental. Wilson denied having any sexual contact with C.B.L.

DISCUSSION

I. WAS IT ERROR FOR WILSON TO BE TRIED ON A MULTI-COUNT INDICTMENT?
¶ 4. In his first issue on appeal, Wilson argues that it was reversible error for him to be tried on a multi-count indictment. The indictment charged Wilson with one count of touching a child for lustful purposes pursuant to Mississippi Code Annotated section 97-5-23(1) and one count of sexual battery pursuant to section 97-3-95(1)(d). Both counts were alleged to have occurred as part of the same common scheme or plan. We note that Wilson failed to raise this issue at trial and is, therefore, procedurally barred from asserting this issue on appeal. Patrick v. State, 754 So.2d 1194, 1195-96(¶ 7) (Miss.2000). However, since the issue affects the substantial rights of Wilson, we will review this issue under the plain-error doctrine. Id.
¶ 5. Mississippi Code Annotated section 99-7-2 (Rev.2007) states the following:
(1) Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
The supreme court has found that two counts of rape and one count of attempted rape were triable on a multi-count indictment because the "three transactions, very plainly, were connected by the identity of the victim and by the identity of the kind of act committed" by the defendant. Allman v. State, 571 So.2d 244, 248 (Miss. 1990); see also Broderick v. State, 878 So.2d 103, 105 (¶¶ 6-8) (Miss.Ct.App.2003) (two counts of lustful touching and two counts of sexual battery were properly triable on a multi-count indictment as the offenses formed a common scheme of sexual misconduct). Wilson's crimes formed a common scheme of sexual misconduct. All the crimes occurred over a period of time against the same victim in a similar manner. This issue is without merit.
¶ 6. We note that, although Wilson never objected to the indictment and there was *801 no hearing on the matter, the trial court instructed the jury to evaluate each count separately and return separate verdicts. See Broderick, 878 So.2d at 105(¶ 8).

II. WAS THE JURY PROPERLY SWORN?
¶ 7. In his second issue on appeal, Wilson argues that the jury was not properly sworn as required by statute. Pursuant to Mississippi Code Annotated section 13-5-71 (Rev.2002), members of the petit jury shall be sworn as follows:
You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, during the present term, and true verdicts give according to the evidence. So help you God.
¶ 8. The transcript does not indicate the actual giving of the oath. However, the cover page of the transcript states that the jury was duly impaneled, and a jury instruction states that the jury took an oath. Our supreme court has held that a rebuttable presumption exists that the trial judges have properly performed their duties, and the respective defendants have the burden to overcome this presumption. Bell v. State, 360 So.2d 1206, 1215 (Miss. 1978). In Acreman v. State, 907 So.2d 1005 (Miss.Ct.App.2005), and in Allen v. State, 945 So.2d 422 (Miss.Ct.App.2006), this Court found that the defendants failed to meet this burden and affirmed their convictions. Wilson's assertion is insufficient to overcome the established presumption that the trial court properly performed its duties.
¶ 9. However, because this issue causes concern to members of this Court, we urge the lower courts to place in every official record evidence that the trial jury took the official oath to well and truly try the issues.

III. WAS THE INDICTMENT TOO VAGUE TO DEFEND?
¶ 10. In his third issue on appeal, Wilson argues that the indictment was too vague to defend because the dates of the charges were not included in the indictment. The indictment alleged that the crimes were committed on or between June 2003 and November 2003. We reiterate that Wilson never objected to the indictment; thus, his arguments are waived for appellate purposes. Patrick, 754 So.2d at 1195-96(¶ 7).
¶ 11. Regardless of the procedural bar, Wilson's argument is without merit. According to Rule 7.06(5) of the Uniform Rules of Circuit and County Court, "[f]ailure to state the correct date shall not render the indictment insufficient...." "Traditionally, time and place have been viewed as not requiring considerable specificity because they ordinarily do not involve proof of an element of crime." Morris v. State, 595 So.2d 840, 842 (Miss.1991). The supreme court has held that as long as the defendant is fully advised of the charges against him, then a specific date in an indictment alleging child sexual abuse is not required. Id.; see also Eakes v. State, 665 So.2d 852, 860 (Miss.1995); Davis v. State, 760 So.2d 55, 59(¶ 14) (Miss.Ct.App. 2000). Wilson was fully and fairly apprised of the charges against him. We find no merit to this issue.

IV. DID THE TRIAL COURT ERR IN GIVING CERTAIN JURY INSTRUCTIONS?
¶ 12. In his fourth issue on appeal, Wilson argues that the trial court erred in giving jury instructions S-3, S-4, and S-6. We first note that Wilson stated affirmatively that he had no objection at trial to instruction S-3; therefore, this particular issue is not properly before this Court. *802 Kearley v. State, 843 So.2d 66, 69(¶ 10) (Miss.Ct.App.2002).
¶ 13. Instruction S-4 instructed the jury as follows:
The court instructs the Jury that in order to sustain a conviction for the crime of Sexual Battery some penetration must be proven beyond a reasonable doubt. However, it need not be full penetration. Even the slightest penetration is sufficient to prove the crime of Sexual Battery.
This Court approved an identical instruction in McKnight v. State, 738 So.2d 312, 318(¶ 20) (Miss.Ct.App.1999), finding it a proper statement of the law. We find no error in granting this particular instruction.
¶ 14. Instruction S-6 informed the jury that "a child under the age of fourteen (14) years cannot legally consent to the act of sexual penetration, however slight." The trial court granted the instruction because "the jury might get the idea that the child consented to the touching by her participation in tickling and touching and so forth." However, Wilson's objection at trial to this instruction was that there had been no testimony regarding consent. For the first time in this appeal, Wilson argues that this instruction proves an element of the crime, namely that C.B.L. was under the age of fourteen. Wilson is not allowed to assert grounds other than those on which his trial objections were based. Bates v. State, 952 So.2d 320, 324(¶ 13) (Miss.Ct.App.2007). Aside from the procedural bar, C.B.L.'s age at the time of the crime was sufficiently established. See Reese v. State, 879 So.2d 505, 510(¶ 22) (Miss.Ct.App.2004). This issue is without merit.

V. DID THE TRIAL COURT ERR IN EXCLUDING EVIDENCE OF A VOICE-STRESS-ANALYSIS TEST?
¶ 15. In his fifth issue on appeal, Wilson argues that the trial court erred in excluding evidence of a voice-stress-analysis test. A detective administered a voice-stress analysis on Wilson and determined that Wilson was truthful in his denials of the allegations. The State objected to the admissibility of this test, and the trial court sustained this objection.
¶ 16. This Court must determine whether the trial court abused its discretion in admitting or excluding certain testimony. Woods v. State, 973 So.2d 1022, 1028(¶ 15) (Miss.Ct.App.2008). Wilson does not argue that the evidence was admissible; instead, he argues that the trial court erred in failing to conduct a Daubert[2] analysis before ruling on the admissibility of the voice-stress test. However, there is nothing in the record to reflect that Wilson asked the trial court to conduct a Daubert hearing. We cannot rule on whether the trial court abused its discretion in failing to conduct a Daubert hearing when Wilson failed to request one. See Univ. of Miss. Med. Ctr. v. Johnson, 977 So.2d 1145, 1158(¶ 47) (Miss.Ct.App.2007). This issue is without merit.

VI. WAS THE VERDICT INSUFFICIENT AS A MATTER OF LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. In his final issue on appeal, Wilson argues that the verdict was insufficient as a matter of law and also against the overwhelming weight of the evidence. We will address each claim separately.

*803 A. Legal Sufficiency of the Evidence
¶ 18. Our standard of review in regard to challenges relating to the legal sufficiency of the evidence is well settled: In reviewing the sufficiency of the evidence, "all evidence supporting a guilty verdict is accepted as true, and the [State] must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence." Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005) (citing McClain v. State, 625 So.2d 774, 778 (Miss. 1993)). Furthermore, the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 19. In regard to the fondling count, Wilson argues that there was no evidence his actions were for the purpose of gratifying his lust. However, there was testimony from C.B.L. that Wilson had an erection during one of the encounters. We find that a rational juror could have found that Wilson's actions were lustful.
¶ 20. In regard to the sexual battery count, Wilson argues that there was no medical testimony to prove penetration and that the testimony at trial did not prove penetration. However, C.B.L. testified that Wilson had placed two fingers inside her. The jury clearly found C.B.L.'s testimony to be more credible and resolved any conflicts in favor of C.B.L. This issue is without merit.

B. Overwhelming Weight of the Evidence
¶ 21. Our standard of review concerning the overwhelming weight of the evidence is well settled: "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). The appellate court sits as a hypothetical "thirteenth juror." Id. Therefore, the Court weighs the evidence "in the light most favorable to the verdict." Id. If, in this position, the Court disagrees with the verdict of the jury, "the proper remedy is to grant a new trial." Id.
¶ 22. Wilson's argument chiefly consists of pointing out various inconsistencies in C.B.L.'s testimony. The jury, rather than this Court, is charged with the responsibility of resolving factual disputes. Brown v. State, 934 So.2d 1039, 1044(¶ 18) (Miss.Ct. App.2006) (citing McNeal v. State, 617 So.2d 999, 1009 (Miss.1993)). The jury was faced with C.B.L.'s account of the crime versus Wilson's denial of the crime. Weighing the evidence in the light most favorable to the verdict, we cannot find that allowing Wilson's conviction to stand would sanction an unconscionable injustice. This issue is without merit.
¶ 23. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, FONDLING, AND SENTENCE OF SEVEN YEARS AND COUNT II, SEXUAL BATTERY, AND SENTENCE OF TWENTY YEARS, WITH BOTH SENTENCES TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Court of Appeals declines to identify victims of sexual crimes. We will refer to the victim by the initials used in the indictment.
[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).